CR 12 - 0763

**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of New York*

CBD:DSS/AAS
F.#2009R02380

271 Cadman Plaza East
Brooklyn, New York 11201

December 11, 2012

BY HAND DELIVERY and ECF

Clerk of the Court
(for forwarding to randomly assigned U.S. District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

GLASSER, J.

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

AZRACK, M.J.

Re: United States v. HSBC Bank USA, N.A. and HSBC Holdings plc

Dear Clerk of the Court and Judge Gleeson:

Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case ("HSBC") is presumptively related to United States v. Julio Eduardo Chaparro Escobar, et al., No. 10 CR 54 (JG) ("Chaparro").

Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). This case is presumptively related to Chaparro because the HSBC prosecution arose from the same criminal scheme charged in Chaparro. Specifically, the defendants in Chaparro were charged with laundering the proceeds of narcotics trafficking via the Black Market Peso Exchange, a method by which money launderers convert cash narcotics dollars into Colombian pesos by, among other methods, purchasing and

reselling wholesale consumer goods.  The Chaparro defendants utilized various accounts they controlled at Grupo Financiero HSBC, S.A. de C.V. ("HSBC Mexico") to deposit drug dollars and then wire those funds to, among other places, businesses located in the United States and elsewhere.  The funds were then used to purchase consumer goods, which were exported to South America and resold to generate "clean" cash.

In HSBC, an information will be filed alleging violations of, inter alia, the Bank Secrecy Act, 31 U.S.C. §§ 5311, et seq., arising from the failure to maintain an effective anti-money laundering program.  The lack of an effective anti-money laundering program at HSBC Mexico and HSBC Bank USA, N.A. contributed to the conduct charged in Chaparro and was discovered as a result of the Chaparro investigation.  As HSBC is thus presumptively related to Chaparro, the government respectfully submits that reassignment would be appropriate.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: *[signature]*
Alexander A. Solomon
Daniel S. Silver
Assistant U.S. Attorneys
(718) 254-6074/6034

cc: David N. Kelley, Esq.
    Samuel W. Seymour, Esq.