

**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of New York*

F.#2009R02380  
DSS/CMT

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 1, 2014

BY ECF

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. HSBC Bank USA, N.A. and
          HSBC Holdings plc
          Criminal Docket No. 12-763 (JG)

Dear Judge Gleeson:

      Pursuant to the Court's July 1, 2013 order directing the government to file quarterly reports regarding the implementation of the deferred prosecution agreement ("DPA") in the above-captioned matter, the government submits this status report.  As described in more detail below, the independent corporate compliance monitor Michael G. Cherkasky (the "Monitor") has submitted his initial report.  Having reviewed and discussed the Monitor's initial findings and recommendations with both the Monitor and HSBC Holdings plc ("HSBC Group" or the "Bank"), it is the view of the government and the Monitor that HSBC Group is acting in good faith to meet the requirements of the DPA.

      On January 20, 2014, the Monitor submitted a report of his Initial Review of HSBC Group's anti-money laundering ("AML") and sanctions compliance program (the "Initial Review") as required under the terms of the DPA.  The Initial Review is the first substantive stage of the monitorship and consists of a general assessment of the effectiveness of HSBC Group's AML and sanctions compliance program.  This Initial Review was based primarily on a review of information provided to the Monitor by HSBC Group.  The Monitor did not seek to independently verify

the information provided by HSBC Group, or to test or audit the accuracy of the information.  Such activities will occur in later stages of the monitorship.

Based on his Initial Review and subsequent conversations with the Bank, the Monitor believes that the leadership of HSBC Group is appropriately committed to addressing the Bank's longstanding compliance deficiencies.  The Monitor found that HSBC Group did little before 2010 to put in place solutions to these problems and that implementation of many of the Bank's program-specific corrective actions did not begin in earnest until early 2013, after it entered into the DPA with the Government.  While HSBC Group maintains it did act promptly to begin remediation efforts prior to 2013, the Bank's more recent performance is not in dispute.  For example, the Monitor recognized that HSBC Group has made significant progress under the current management team.  The Monitor believes the good faith of the Bank's leadership has been demonstrated through positive messages communicated throughout the Group, and in hiring, promoting, planning, resource allocation, and hard work.

The Initial Review also identified a number of specific enhancements HSBC Group must make within its AML and sanctions compliance program to put in place an effective, enterprise-wide system.  The Monitor found that HSBC Group must improve the reliability of the data it gathers and maintains on its customers.  The Monitor also stated that HSBC Group must improve its methods of sharing such data among its affiliates.  Furthermore, the Monitor found that HSBC Group's IT and transaction monitoring systems lack integration, coordination, and standardization.  The Monitor noted that different IT and transaction monitoring systems were in use in different company operations.  The Monitor believes HSBC Group's use of different systems, sometimes within a business line, creates risk that transactions may be monitored in different ways, hindering enterprise-wide information sharing, and thereby producing inconsistent results.  The Monitor also cautioned that, while working on long-term projects to improve the reliability of its data and integration of its systems, HSBC Group must also focus sufficient attention on improvements that could help stop financial crime from occurring in the near term.

The Monitor then made a number of initial recommendations intended to help HSBC Group enhance the effectiveness of its AML and sanctions compliance program.  For

example, the Monitor recommended that HSBC Group develop global strategy and implementation plans, with timelines and accountability provisions, for integrated IT systems, data sharing within HSBC Group, transaction monitoring pursuant to a minimal global standard, and global sharing of information underlying Suspicious Activity Reports ("SARs") and other intelligence relevant to financial crime. The Monitor also recommended that HSBC Group develop a risk-based approach for remediating customer files against the best available Know Your Customer ("KYC")/Customer Due Diligence ("CDD") standard. Furthermore, in order to ensure HSBC Group's leadership is personally accountable for the success of its compliance reform effort, the Monitor recommended that HSBC Group's Remuneration Committee have the ability to apply a downward override of up to 100% of incentive awards for HSBC Group's most senior executives based on any failure to develop an effective AML and sanctions compliance program.

On March 22, 2014, HSBC Group responded to the recommendations in the Initial Review as provided for in the DPA. HSBC Group agreed in principle with most of the Monitor's recommendations. For certain recommendations, HSBC Group proposed modifications that included adjustments of the deadlines for implementation in light of the scale and scope of HSBC's global operations. HSBC Group and the Monitor have 30 days from the date of HSBC Group's response to reach agreement on the Monitor's recommendations.

While it is clear from the Initial Review, and HSBC itself acknowledges, that HSBC Group still has much work to be done, the Monitor believes that HSBC Group is working in good faith to meet the requirements imposed by the DPA. The government will continue to work with the Monitor and the Bank to ensure that firm deadlines and accountability measures are put in place so that HSBC Group continues to make sufficient progress in its compliance reform efforts.

                                              Respectfully submitted,
                                              LORETTA E. LYNCH
                                              United States Attorney

By:           /s/          
              Alexander A. Solomon
              Daniel S. Silver
              Assistant U.S. Attorneys
              (718) 254-6074/6034

4

                    JAIKUMAR RAMASWAMY
                    Chief, Asset Forfeiture and
                    Money Laundering Section
                    Criminal Division
                    United States Department of
                    Justice

By:        /s/
                    Craig M. Timm
                    Trial Attorney
                    (202) 598-2279

cc:   Counsel for Defendants (via ECF)