1

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,     :   12-CR-763 (JG)
                              :
                              :
                              :
     -against-                :
                              :   United States Courthouse
                              :   Brooklyn, New York
                              :
                              :
HSBC BANK USA, N.A.,          :   December 20, 2012
et al,                        :   11:30 a.m.
                              :
          Defendant.          :
- - - - - - - - - - - - - - X

    TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE JOHN GLEESON
               UNITED STATES DISTRICT JUDGE


                   A P P E A R A N C E S:


For the Government:   LORETTA E. LYNCH, ESQ.
                      United States Attorney
                      Eastern District of New York
                      271 Cadman Plaza East
                      Brooklyn, New York 11201
                  BY: DANIEL S. SILVER, ESQ.
                      ALEXANDER A. SOLOMON, ESQ.
                      Assistant United States Attorneys


                      DEPARTMENT OF JUSTICE - CRIMINAL DIVISION
                      Asset Forfeiture and
                      Money Laundering Section
                      1400 New York Avenue, NW
                      Washington, DC  20530
                  BY: JOSEPH K. MERKEL, ESQ.
                      CRAIG M. TIMM, ESQ.
```

1       A P P E A R A N C E S: (Cont.)

2

3

4  For the Defendants:    SULLIVAN & CROMWELL LLP
                          125 Broad Street
5                         New York, New York 20004-2498
                      BY: SAMUEL W. SEYMOUR, ESQ.
6

7                         CAHILL GORDON & REINDEL, LLP
                          80 Pine Street
8                         New York, New York  10005
                      BY: DAVID N. KELLEY, ESQ.
9

10

11

12

13

14

15

16

17

18

19

20 Court Reporter:        Marie Foley, RMR, CRR
                          Official Court Reporter
21                           Telephone: (718) 613-2596
                             Facsimile: (718) 613-2648
22                           E-mail: Marie_Foley@nyed.uscourts.gov

23 Proceedings recorded by computerized stenography.  Transcript
   produced by Computer-aided Transcription.
24

25

1     (In open court.)
2     COURTROOM DEPUTY: United States versus HSBC et al.
3     THE COURT: I know four of you, but let's have all
4  six of you state your appearances.
5     MR. SILVER: Daniel Silver for the United States.
6  Good morning, Your Honor. And with me is Joe Markel and Craig
7  Timm who are trial attorneys from the Department of Justice in
8  the Asset Forfeiture and Money Laundering Section, and Alex
9  Solomon from EDNY.
10    THE COURT: All right. Welcome to all of you. Nice
11 to meet you both.
12    Mr. Kelley, nice to see you.
13    MR. KELLEY: You too. David Kelley from HSBC.
14    MR. SEYMOUR: And co-counsel Sam Seymour, co-counsel
15 Sullivan Cromwell. Good morning, Your Honor.
16    THE COURT: Good morning. Nice to see you all.
17    The first order of business, I guess, is just to
18 note that the case didn't come to me randomly. The case got
19 assigned out of the wheel to Judge Glasser.
20    You shared with counsel this Rule 50.3 letter, I
21 take it?
22    MR. SILVER: Yes, we did, Your Honor.
23    THE COURT: All right. I've discussed with Judge
24 Glasser at some length, actually, the extent to which the
25 reassignment of the case would achieve efficiencies and the

1  like. Without having heard from the defendants in the case,
2  it's my judgment it was properly related, that's why it got
3  reassigned, but you still have your rights and if you think it
4  was improperly related, you've got a short window of time to
5  address the issue. Just so you know.
6          MR. KELLEY: We have no objection, Your Honor.
7          THE COURT: All right.
8          I've been through the papers. I see a deferred
9  prosecution agreement and information. Not all deferred
10 prosecutions actually get on the radar screen in the sense of
11 a filed charging instrument. This one has which is why you're
12 here. It seems to me I ought to just arraign the defendant on
13 the information.
14         You've been over this with your client, I take it?
15         MR. SEYMOUR: We have, Your Honor.
16         THE COURT: Clients. And the clients enter pleas of
17 not guilty because you intend to proceed on the path
18 contemplated by this deferred prosecution, correct?
19         MR. SEYMOUR: That's correct, Your Honor. If Mr.
20 Kelley and I could represent the defendants for that purpose.
21 We did check, we don't have corporate representatives here to
22 go through any in-court proceedings today, but we are
23 authorized to act pursuant to resolutions of the board.
24         THE COURT: Yes, there was an inquiry made of
25 chambers whether those representatives had to be here. I said

Proceedings  5

no, I don't see that it's necessary.  I'll just enter, as I would in any such case, a plea of not guilty to the information.

Let me ask you what you contemplated of the Court's participation, if any, in the proceedings as they go forward.

MR. SILVER:  Your Honor, as the documents currently stand, we had not asked the Court to actively take part in overseeing the deferred prosecution agreement.  We've simply asked the Court to accept the information for filing and exclude time during the period of the deferred prosecution agreement.

THE COURT:  All right.  The reason I ask is not because I don't have five hundred other cases that I could devote my time to, but as I say, this is unusual in the sense that there's an instrument filed.  I read the agreement.  The agreement contemplates the dismissal of this charge.

It's an agreement not to pursue other charges, correct?

MR. SILVER:  Yes.

THE COURT:  And I got this book, this sentencing guidelines book that says to me so this is really a plea agreement in the form of an 11C1A charge bargain, that is an agreement not to pursue certain charges and to dismiss this charge, right?

MR. SILVER:  That's a fair characterization, Your

Proceedings                                                          6

1  Honor, yes.
2             THE COURT:  Thank you.
3             And under 6B1.2, I'm told in connection with part of
4  this guideline which sets forth standards for acceptance of
5  plea agreements, I'm told that in the case of a plea agreement
6  like this one, the court may accept the agreement if the Court
7  determines, for reasons stated on the record, that the
8  remaining charges adequately reflect the seriousness of the
9  actual offense behavior and accepting the agreement will not
10 undermine the statutory purposes of sentencing or the
11 sentencing guidelines.
12            Now, here there's not going to be any remaining
13 charges if I approve the agreement.  It's going to be gone,
14 but nonetheless, it's an 11C1A.  So I'm sharing this with you,
15 you can comment on it before I rule on it, but it just strikes
16 me that I ought to hear from you in a form that we can discuss
17 why I should accept the agreement.
18            Anybody want to be heard on those observations?
19            MR. SILVER:  We have no objection, Your Honor, to
20 having you accept the agreement in that form.
21            THE COURT:  All right.  My suggestion to you, I
22 don't see that there's any particular hurry in this, my
23 suggestion to you is you put your heads together.  You can
24 address it jointly, you can address it severally if you want.
25 My suggestion is you present to the court a document that

1  demonstrates why under Guideline 6B1.2 I should accept the
2  agreement.
3           I notice the monitor that's contemplated.  There's
4  no judicial involvement in that?
5           MR. SILVER:  That's correct.
6           THE COURT:  All right.  That's something you may
7  want to address in this.  As I say, I've got plenty to do, but
8  you may want to address the acceptability of a monitor, the
9  selection of whom doesn't involve judicial participation.  I'm
10 not suggesting at all that that's inappropriate, but it's
11 something you might want to address.
12          And generally speaking, I think you should
13 address -- I mean, I read the papers too.  You know, there's
14 been some publicized criticism of this.  I think you should
15 feel free address it.
16          In the first instance, I'll let you determine
17 whether there are any aspects of your submission that ought
18 properly be under seal.  I don't intend by suggesting that
19 that there ought to be some, but I can imagine in a situation
20 like this that there might be some sensitive matters that
21 influence the exercise of prosecutorial discretion.  So I'll
22 leave that up to you, but I'd like a submission that addresses
23 why the standards set forth in 6B1.2 are met here.
24          How much time would you like to work on that?
25          MR. KELLEY:  If we could confer, Your Honor, and

Proceedings                                                         8

1   come back and propose a date to your courtroom deputy, if that
2   would be okay.
3           THE COURT:  Sure.  Just do something in writing that
4   suggests a schedule.  It's not exactly something that will be
5   briefed sequentially.  It will be either a joint submission or
6   separate submissions simultaneously.
7           (Pause in the proceedings.)
8           THE COURT:  My alert courtroom deputy points out
9   that this charging instrument charges a felony.
10          Obviously there's no intention on the part of these
11  two corporate defendants to exercise their right to grand jury
12  indictment.
13          Am I right about that, Mr. Kelley and Mr. Seymour?
14          MR. SEYMOUR:  That's correct, Your Honor.
15          MR. KELLEY:  Yes, Your Honor.
16          THE COURT:  I don't want to stand on ceremony.
17  Obviously a great deal of thought has been devoted to this
18  proposed resolution of the case before now.
19          I take it you've been over with your clients the
20  right they have under the Fifth Amendment and our rules to
21  insist on Mr. Silver and his colleagues going in front of a
22  grand jury and asking a grand jury to return this charge?
23          MR. SEYMOUR:  We have, Your Honor.  We have gone
24  over that.
25          THE COURT:  You have, okay.  They're well-counseled.

```
                         Proceedings                         9
```

1    You've explained to them what the grand jury process
2    is about?
3         MR. SEYMOUR:  Yes.
4         THE COURT:  What's a quorum and the unbelievably low
5    hurdles that prosecutors have when asking the grand jury to
6    return an indictment, it just needs to be probable cause
7    satisfied to the satisfaction of a mere majority, at least
8    twelve.
9         You've been through all that with your clients?
10        MR. SEYMOUR:  We have, indeed, Your Honor.
11        THE COURT:  Their execution of this deferred
12   prosecution agreement implicitly, probably explicitly, but at
13   least implicitly evidences a waiver of the right to require
14   the Government to proceed in that way.
15        I take it your clients each wish to waive that
16   right?
17        MR. SEYMOUR:  They do, Your Honor.
18        THE COURT:  All right.  Seeing no reason not to, and
19   persuaded that it is a knowing and voluntary waiver, I'm going
20   to execute this waiver of indictment form.
21        (Pause in the proceedings.)
22        THE COURT:  For the reasons set forth in the
23   deferred prosecution agreement, I'm going to exclude, pending
24   further order of the court, the time in the interest of
25   justice.

1            One other purpose I thought it might be appropriate
2    to convene us is I notice there's a waiver of the speedy trial
3    right in this agreement, but that's not a right that's that
4    readily waived.  There's a public interest in it, and I find
5    for the reasons set forth in the deferred prosecution
6    agreement, I know there's no objection, but I find that the
7    interests of justice are plainly served by excluding the time,
8    pending further order of the court, excluding the time from
9    the speedy trial clock.  So there's that finding.
10           Anything else?
11           MR. SILVER:  No, Your Honor.
12           So I think we will submit a letter to you within the
13   next few days proposing a briefing schedule along the lines
14   you've discussed.
15           Would you like us to propose a date to come back
16   before Your Honor as well?
17           THE COURT:  Yes, I would like you to propose a date.
18   Why don't we say by the end of next week, which is the 28th,
19   you will propose to me, and as long as it's reasonable I'll
20   accept it, a date for your submission that seeks court
21   approval of this deferred prosecution agreement.  Once I set
22   the date, and as I say I'll go along with a reasonable
23   suggestion on your part, then I'll set a time for us to
24   reconvene that's a decent interval after I get your submission
25   or submissions.

Proceedings 11

1  All right?
2  MR. SILVER: Yes, Your Honor.
3  MR. KELLEY: Yes, Your Honor.
4  MR. SEYMOUR: Thank you, Your Honor.
5  THE COURT: Anything further today?
6  MR. SILVER: No, Your Honor.
7  MR. KELLEY: No, Your Honor.
8  MR. SEYMOUR: No.
9  THE COURT: Nice to meet you.
10  Nice to see you all.
11  (Time noted: 11:55 a.m.)