1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,    : 12-CR-00763(JG)
                             :
                             :
                             :
  -against-                  : United States Courthouse
                             : Brooklyn, New York
                             :
                             :
HSBC BANK USA, N.A., et      : Tuesday, February 9, 2016
al.,                         : 3:00 p.m.
         Defendants.         :
                             :

TRANSCRIPT OF CRIMINAL CAUSE FOR A STATUS CONFERENCE
BEFORE THE HONORABLE JOHN GLEESON
UNITED STATES DISTRICT COURT JUDGE

A P P E A R A N C E S:
For the Government:    ROBERT L. CAPERS, ESQ.
                       United States Attorney
                       Eastern District of New York
                            271 Cadman Plaza East
                            Brooklyn, New York 11201
                       BY:  DANIEL S. SILVER, ESQ.
                            ALEXANDER A. SOLOMON, ESQ.
                            LAURA BILLINGS, ESQ.
                            Assistant United States
                            Attorneys

For the Defendants:    SULLIVAN & CROMWELL
                            125 Broad Street
                            New York, New York 10004
                       BY:  SAMUEL W. SEYMOUR, ESQ.
                            ALEXANDER J. WILLSCHER, ESQ.

For interested         LEVINE SULLIVAN KOCH & SCHULZ
party Hubert D.             321 West 44th Street, Suite 1000
Moore, Jr.)                 New York, New York 10036
                       BY:  DAVID A. SCHULZ, ESQ.


Court Reporter:   Lisa Schwam, RPR, CRR, RMR
                  Official Court Reporter

Proceedings recorded by computerized stenography.  Transcript
produced by Computer-Aided Transcription.

1               (In open court.)
2               THE COURTROOM DEPUTY:  United States versus HSBC,
3    et al.
4               MR. SILVER:  Good afternoon, your Honor.
5               THE COURT:  Good afternoon.
6               MR. SILVER:  Daniel Silver, Laura Billings and
7    Alex Solomon for the government.
8               MS. BILLINGS:  Good morning -- afternoon.
9               THE COURT:  Good day.
10              MR. SEYMOUR:  Good afternoon, your Honor.  For the
11   HSBC defendants, Samuel Seymour and Alex Willscher.
12              MR. MOORE:  And for pro se, it would be Hubert
13   Dean Moore, Jr., and Ann Marie Fletcher Moore.
14              THE COURT:  Okay.  Good afternoon to everyone.
15              I asked Mr. Moore if he would benefit, yesterday
16   by phone, from counsel since he's a layperson and the
17   government and HSBC are aligned in interest.  He expressed
18   his desire to be -- to accept representation.
19              Is Mr. Schulz on the phone?  Did we get him?
20              THE COURTROOM DEPUTY:  Yes, Judge.
21              MR. SCHULZ:  Judge, I'm here.
22              THE COURT:  And he's agreed to represent
23   Mr. Moore.  The firm is Levine Sullivan Koch & Schulz.  And
24   David Schulz is on the line.  He's agreed to represent the
25   pro se movant pro bono.  And you have the thanks of the

3

1  Court for this matter.  Whether it's here or in the Court of
2  Appeals can have the benefit of an adversarial presentation.
3          I wanted to speak to you, because I'm familiar
4  with paper flying notices of appeal and applications for
5  stay, to tell you what I intend to do.  I'm all ears if
6  you've got comments on that and want to persuade me
7  otherwise.
8          I think the issues in this case are important and
9  of first impression in some respects.  They could benefit
10 from appellate review.  But at the moment the case is
11 postured for appellate review of not all the issues that the
12 appellate court may need to address.  Specifically, I want
13 to complete the process of redacting the monitor's report
14 that I established in my decision.
15         I understand there's been an application to extend
16 the date for proposed redactions beyond February 12th.  I'm
17 inclined to grant that.  And I would like the Court of
18 Appeals really for the benefit of the Circuit, I would like
19 the Court of Appeals to be in a position where obviously if
20 it addresses the authority of this Court to direct the
21 disclosure of the monitor's report and concludes there is no
22 such authority under no circumstances should any of it be
23 disclosed, that will end the issue.  If it gets past that
24 and addresses the question whether if some of it is properly
25 disclosed, what gets disclosed, I wanted to have a record on

1 that. Right now we don't have it.

2 So I intend to afford anyone who wants to be heard
3 on the proposed redactions to do so by February 26th. It's
4 not all the time you asked for, but it grants in part the
5 application. Then I will take that under consideration. I
6 will place on the record under seal the portions of the
7 report that I'm going to direct be publicly disclosed.

8 I think your application for a stay pending appeal
9 is a good one. I think you ought to be in a position to get
10 appellate review before that. So I'm inclined to grant
11 that. I think as a matter of just fairness and due process,
12 I ought to give counsel and I'll give Mr. Schulz an
13 opportunity to be heard on that, but he's going to have a
14 tough road in convincing me otherwise. If he wants to be
15 heard on the stay pending appeal, I'll let him file a letter
16 in that regard before the 26th. If he's disabused me of the
17 notion that there ought to be a stay pending appeal, I'll
18 certainly let everyone know and give you a long enough stay
19 to seek such a stay pending appeal from the circuit itself,
20 but I'm strongly inclined to agree.

21 Mr. Schulz is going to have to be an especially
22 effective advocate to persuade me that there ought to be
23 disclosure of this report before the Second Circuit can
24 review the question of the authority of this Court with
25 regard to this situation generally and specifically the

5

1  appropriateness of ordering disclosure of the redacted
2  report.  So that's my basic game plan.
3          Anybody want to be heard?
4          MR. SEYMOUR:  HSBC does, your Honor.
5          THE COURT:  Okay.
6          MR. SEYMOUR:  First of all, your Honor's observed
7  that it makes more sense for the Second Circuit to have a
8  redacted version as they consider the case.  I would just
9  point out that we had a full argument on whether redaction
10 was appropriate several weeks ago.  Your Honor had access to
11 the full report without redactions, and you were able to
12 make a decision.  The Second Circuit can do exactly the same
13 thing.  They don't need that redacted version to decide the
14 issues that we'd like to appeal.
15         But secondly, I just want to reiterate, and this
16 is an HSBC specific point, the harm that HSBC is suffering
17 is not only the eventual public release of the report which
18 is meant to be confidential, it's the effect on the
19 regulatory relationships that it has today.  So that harm is
20 being felt now.  That's why we asked your Honor not to
21 proceed with the redaction process, but simply affect the
22 stay and allow this case to go up.
23         Mr. Moore and others have talked about the need
24 for speed.  Obviously, the sooner it gets up, the better it
25 is and the better it is for HSBC because, you know, we're in

an unusual position. We went to regulators of HSBC around the world and convinced them that a representative of the United States Justice Department should come into their country and have access to confidential banking information and customer information and supervisory information that the Justice Department could never get otherwise. And we did that based on an agreement that we have with the Justice Department which said that the reports that result from that would remain confidential.

That's now been thrown into question, and that stays in question from now until the 12th or the 26th or whenever you rule or whenever it's resolved. And if your Honor would simply allow the appeal to go forward now, the case is ripe for review. There are some very interesting First Amendment and other questions, separation of power questions.

We ask your Honor to put those up to the Second Circuit now. Hold off on the redaction; it's not necessary. If the Second Circuit believes it is, they'll tell us that and we can deal with it then. But in the meantime, the two weeks or four weeks or however long it takes to resolve the redaction issues in this court could create a record for appeal and is causing harm to HSBC and delaying the case.

THE COURT: All right. As to that first point, if you think we've argued this, that's fine. If you don't want

1   to be heard on or before the 26th about proposed redactions,
2   that's fine, too.  You don't have to file anything.
3               MR. SEYMOUR:  Understood.
4               THE COURT:  Anyone else?
5               MR. SILVER:  Judge, I would just say that, you
6   know, the government obviously maintains its original
7   position which is that the report should remain sealed in
8   its entirety.  So to that extent, we object to the proposed
9   course your Honor has charted.
10              That said, I understand your Honor's intention, or
11  I think I do, and we will continue to evaluate our appellate
12  options in terms of whether to seek any sort of emergency
13  relief from the Second Circuit.  If that relief is not
14  granted, we will certainly comport with the procedure your
15  Honor has just described and we'll file the proposed
16  redactions by the 26th.
17              And just so I'm clear that I understand your
18  Honor's ruling, unless something changes, your Honor would
19  receive the proposed redactions from the government and any
20  other party that submits them, review them, rule on them,
21  but eventually file your ruling under seal until the parties
22  have sought appellate review of these issues.
23              Is that essentially correct -- or at least your
24  ruling with respect to the redactions would remain sealed?
25              THE COURT:  Yes, you're right.  It wouldn't be any

1  other party.  I think the only two parties that would
2  propose redactions are HSBC and the government.  Everyone
3  else seems to be on the other side of this issue.
4         Second, yes, I'm not just going to keep it under
5  seal until you seek appellate review.  I think it should
6  stay under seal until appellate review is complete.  I'm
7  listening.  I understand there's asserted harms here that
8  the parties claim in good faith outweigh the public interest
9  in access.  It's important issues.
10        So again, with the caveat that I'll give
11 Mr. Schulz an opportunity if he wishes to oppose that stay
12 pending appeal and I'll let you know if I've been moved on
13 that question at all and, as I say, if it moves me on that,
14 I'll give you an opportunity to seek -- I'll delay the
15 disclosure of the report for a decent interval so you can go
16 to the Court of Appeals and seek a stay of that.
17        I don't think that's likely, but I feel a
18 responsibility to complete this record.  I don't even see
19 the -- you filed your notice of appeal.  You've got an
20 appeal pending.  I don't really see the completion of this
21 process of slowing that down even in the slightest.
22        Do you have a briefing schedule yet?
23        MR. SEYMOUR:  No, your Honor.
24        THE COURT:  So there's really no sense in which my
25 providing a record of the Court of Appeals as to my final

1 decision on disclosure is slowing down or impeding your
2 ability to get the appeal you seek.  But in any event, I
3 intend to complete it.
4         MR. SILVER:  And the parties will obviously get a
5 copy of your Honor's ruling on the redactions.  It will be
6 sealed, but the parties would receive it so we could then
7 address it with the Court of Appeals?
8         THE COURT:  Well, the parties meaning -- you don't
9 mean all the parties.
10         MR. SILVER:  Meaning the government and HSBC.  Not
11 Mr. Moore, but the two parties to the criminal case.
12         THE COURT:  Yes, correct.
13         MR. SILVER:  Okay.
14         THE COURT:  Otherwise, everybody is litigating in
15 the dark.
16         MR. SILVER:  Right.
17         THE COURT:  You just want to have the other side
18 litigating in the dark.
19         Yes, Mr. Schulz.
20         MR. SCHULZ:  Yes.  I just wanted to respond
21 briefly to the argument that was made about moving forward
22 with the appeal before the redactions are decided because
23 the District -- sorry, the Circuit Court for the District of
24 Colombia had the same issue before just this past year.  And
25 in a decision in a case called Diab (phonetic) versus Obama,

1  it held that it lacked jurisdiction to hear an appeal from a
2  court order unsealing certain videotaped evidence until the
3  judge had decided what redactions would be made to that
4  evidence, that it was not a final order.
5           And I would like to avoid having a similar problem
6  here where the Second Circuit would say it lacked
7  jurisdiction because the order was not final until the
8  district court had determined what information would, in
9  fact, be made public.
10          THE COURT:  Okay.  Thank you, Mr. Schulz.
11          One thing I would appreciate is if you both decide
12 you're not going to file proposed redactions, just tell me.
13 No need for me to wait around to complete my task in the
14 case until February 26th.  I welcome the assistance.  I've
15 identified the areas that I think are properly the subject
16 of redactions.  If you don't want to avail yourself of the
17 opportunity to be heard, that's your call.  I welcome it.
18          But let me know if it's not coming.  I don't want
19 to be waiting by the mailbox every day for something that's
20 not coming.  All right?
21          MR. SILVER:  Yes.
22          MR. SEYMOUR:  Understood.
23          THE COURT:  Great to see you.
24          MR. MOORE:  Your Honor, just a couple of quick
25 minor maybe housekeeping items, but they are rather

1  important to my wife and I.
2           In a letter that I sent to you and I believe it
3  was available to both sets of counsel, can we get the
4  answers to the questions I posed in the letter to the Court?
5  Can both parties please answer those questions with regards
6  to the letter that was submitted?
7           THE COURT:  I'll take a look at your letter.
8           MR. MOORE:  Thank you, sir.
9           The other item is can you please instruct counsel
10 to work -- as I reviewed their motions to the Court, it
11 appeared that there was quite a bit of overlap.
12          Can they be addressed that they do the work
13 independently?
14          THE COURT:  No.
15          MR. MOORE:  I'm assuming they will.
16          Okay.  Thank you, sir.
17          THE COURT:  Anything else?
18          MR. SILVER:  Not from the government, Judge.
19          MR. SEYMOUR:  Not from the defense.
20          THE COURT:  One of the reasons I asked you whether
21 you'd be amenable to having counsel appointed, and good for
22 you for being amenable to that, is so that you can now speak
23 to the Court and make applications to the Court through
24 Mr. Schulz.
25          You've acquitted yourself admirably until now, but

12

1  as I mentioned to you briefly by phone, you know, these are
2  important issues as to which any court would benefit from an
3  adversarial lawyer's presentation.  So I want you to grow
4  into the role of depending on Mr. Schulz.
5             MR. MOORE:  Thank you, your Honor.  I appreciate
6  the opportunity.  Thank you.
7             THE COURT:  Great.  Thank you, everyone.
8             MR. SILVER:  Thank you.
9             MR. SEYMOUR:  Thank you, your Honor.
10            THE COURT:  Thank you, Mr. Schulz.
11            (Time noted:  3:44 p.m.)
12            (Proceedings adjourned.)

*Lisa S. Schwam, CRR, RPR, RMR*
*Official Court Reporter*

13

1
2                    **CERTIFICATION**
3    I certify that the foregoing is a correct transcript from the
4    record of proceedings in the above-entitled matter.
5
6    *[signature: Lisa Schwam]*
7    Official Court Reporter              February 9, 2016
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25