# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 12, 2016

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re: United States v. HSBC Bank USA, N.A. and HSBC Holdings plc, Criminal Docket No. 12-763 (JG)

Dear Judge Donnelly:

      We represent HSBC Bank USA, N.A. and HSBC Holdings plc (together, "HSBC") in this matter.  On January 28, 2016, the Court entered a Memorandum and Order concluding that the Monitor's First Annual Follow-Up Report (including the U.S. Country Review Report) (the "Report") must be partially unsealed and allowing the parties to file proposed redacted versions of the Report by February 12, 2016.  (Dkt. 52.)  Both the Government and HSBC filed notices of appeal from the January 28 Order and sought a stay pending appeal or an extension of time to file proposed redactions.  (Dkt. 54, 55, 57, 58.)  The Court allowed the parties until February 26, 2016 to propose redactions, and the parties did so on that date.  On March 9, 2016, the Court entered a redacted version of the Report on the docket under seal and agreed to maintain it under seal pending appellate review.  (Dkt. 70.)  That same day, HSBC filed a motion for certification of both the January 28 and March 9 Orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Dkt. 73.)  The Government and HSBC subsequently filed notices of appeal from the March 9 Order.  (Dkt. 78, 79.)  HSBC's motion for certification of the January 28 and March 9 Orders for interlocutory appeal remains pending.  We respectfully submit that the attached opinion is relevant to the issues presented in that motion.

      On April 5, 2016, the United States Court of Appeals for the D.C. Circuit granted the Government's mandamus petition and vacated a district court decision that asserted supervisory power to reject a deferred prosecution agreement ("DPA").  *United States* v. *Fokker Servs. B.V.*, No. 15-3016 (attached as Ex. A) ("Op.").

The Honorable Judge Donnelly                                                                                          -2-

In *Fokker*, as in this case, the Government and a corporate criminal defendant reached a DPA and moved the district court to exclude time under the Speedy Trial Act. In *Fokker*, the district court relied on the July 2013 opinion in this matter to assert its "authority 'to approve or reject the DPA pursuant to its supervisory power.'" *United States* v. *Fokker Servs. B.V.*, 79 F. Supp. 3d 160, 165 (D.D.C. 2015) (quoting *United States* v. *HSBC Bank USA*, 2013 WL 3306161, at *4 (E.D.N.Y. July 1, 2013)). While here the Court subjected the DPA to "continued monitoring of its execution and implementation," *HSBC*, 2013 WL 3306161, at *7, the district court in *Fokker* rejected the DPA altogether. Both courts asserted that "[b]y placing a criminal matter on the docket of a federal court, the parties have subjected their DPA" to judicial supervision. *Id*. at *5; *Fokker*, 79 F. Supp. 3d at 165.

The D.C. Circuit squarely rejected that reasoning: "The key point is that, although charges remain pending on the court's docket under a DPA, the court plays no role in monitoring the defendant's compliance with the DPA's conditions." Op. 15. Instead, "the prosecution—and the prosecution alone—monitors a defendant's compliance with the agreement's conditions and determines whether the defendant's conduct warrants dismissal of the pending charges." Op. 16.

The D.C. Circuit's decision thus rejects the very foundation for the assertion of supervisory authority in this case, which was the sole basis for the January 28 and March 9 Orders that HSBC and the Government have appealed. *Fokker* illustrates why those orders should be vacated. At a minimum, the D.C. Circuit's decision underscores that the appeal involves "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). HSBC accordingly requests that the Court grant its March 9 request to certify the orders for interlocutory appeal.

                                                                    Respectfully submitted,

                                                                    _____/s/_____
                                                                    Samuel W. Seymour
                                                                    Alexander J. Willscher
                                                                    SULLIVAN & CROMWELL LLP
                                                                    125 Broad Street
                                                                    New York, NY  10004-2498
                                                                    Tel.: (212) 558-4000
                                                                    Fax: (212) 558-3588

                                                                    *Counsel for HSBC*

(Enclosure)

cc:     All Counsel of Record (via ECF)